**Wolters Kluwer**

## Service of Process Transmittal Summary

**TO:**    Jeffrey Conrad, Counsel
           Agrium Inc.
           13131 Lake Fraser Drive S.E.
           Calgary, AB T2J 7E8

**RE:**    **Process Served in Florida**

**FOR:**   Nutrien Ag Solutions, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MIKE C. JONES // To: Nutrien Ag Solutions, Inc. |
| **CASE #:** | 25CA246 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, Plantation, FL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 12/12/2025 at 10:59 |
| **JURISDICTION SERVED:** | Florida |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Jeffrey Conrad  jeffrey.conrad@nutrien.com |
| | Email Notification,  Kara Fenton  kara.fenton@nutrien.com |
| | Email Notification,  Rhonda Kambeitz  rhonda.kambeitz@nutrien.com |
| | Email Notification,  AMANDA VANDAGRIFF  amanda.vandagriff@nutrien.com |
| | Email Notification,  Jennifer MacAulay Bryant  jennifer.macaulaybryant@nutrien.com |
| | Email Notification,  Janie Phansiri  janie.phansiri@nutrien.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 1200 South Pine Island Road |
| | Plantation, FL 33324 |
| | 877-467-3525 |
| | SmallBusinessTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Fri, Dec 12, 2025
**Server Name:**                             Drop Service

| Entity Served | NUTRIEN AG SOLUTIONS, INC. |
|---|---|
| Case Number | 25-CA-246 |
| Jurisdiction | FL |

| Inserts | | |
|---|---|---|
| | | |



Filing # 237015757 E-Filed 12/04/2025 11:39:22 AM

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
IN AND FOR SUWANNEE COUNTY, FLORIDA
GENERAL CIVIL DIVISION

MIKE C. JONES,
    Plaintiff,

v.

NUTRIEN AG SOLUTIONS, INC.
    Defendant.

_____/

CASE NO.: 25-CA-246

Date 12/12/25   Time 10:55 am

**SUMMONS**   Initials ___   ID # 10

        **YOU ARE HEREBY COMMANDED** to serve this Summons, a copy of the Complaint, Notice of Designation of Email Addresses for service of Court Documents in this action on defendant:

**NUTRIEN AG SOLUTIONS, INC.
C/O CT CORPORATION SYSTEM, REGISTERED AGENT
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324**

        Each defendant is required to serve written defenses to the complaint or petition on Amanda Heystek, Plaintiff's attorney, whose address is Wenzel Fenton Cabassa 1110 N. Florida Avenue, Suite 300, Tampa, Florida 33602 within 20[1] days after the service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| DATED on 12/4/2025 | BARRY BAKER |
|---|---|
| Printed: Amananda E. Heystek | CLERK OF THE CIRCUIT COURT |
| Attorney for Plaintiffs | As Clerk of the Court |
| Address: Wenzel Fenton Cabassa | |
| 1110 N. Florida Avenue, Suite 300 | By: _____ |
| Tampa, Florida 33602 | As Deputy Clerk |
| Florida Bar No.: 0285020 | (386) 362-0549 |

**AMERICANS WITH DISABILITY ACT:** *If you are a person with a disability who needs an accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, 173 NE Hernando Avenue, Room 408, Lake City, Florida 32055; (386)758-2163 or complete the ADA Request form located at https://thirdcircuitfl.org/ada-accommodation-request/ at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired call 711.*

---

1 Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Filing # 237015757 E-Filed 12/04/2025 11:39:22 AM

**IN THE CIRCUIT COURT FOR THE THIRD JUDICIAL CIRCUIT**
**IN AND FOR SUWANNEE COUNTY, FLORIDA**
**CIVIL DIVISION**

**MIKE C. JONES,**

      **Plaintiff,**

                               **CASE NO.:**

**v.**

                               **DIVISION:**

**NUTRIEN AG SOLUTIONS, INC.,**

      **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MIKE C. JONES, by and through undersigned counsel, brings this action against Defendant, NUTRIEN AG SOLUTIONS, INC., and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1.     This is an action for damages in excess of $50,000, exclusive of interest, fees, and costs, for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA"), the Florida Workers' Compensation Law ("FWCL"), Fla. Stat. § 440.205, the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., and Florida Civil Rights Act of 1992, as amended ("FCRA"), § 760.01 Fla. Stat., et seq.

2.     Venue is proper in Suwannee County, because all or some of the events or omissions giving rise to these claims occurred in this County.

## PARTIES

3.     Plaintiff is a resident of Suwannee County, Florida, and he worked for Defendant in Gilchrist County.

4.     Defendant operates agriculture supplies and services throughout Florida including Suwannee County.

## GENERAL ALLEGATIONS

5.     This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA, ADA, and FCRA, and retaliated against Plaintiff for exercising these same rights.

6.     The FMLA was enacted to provide employees with job protection while on medical leave for qualifying reasons. Congress specifically took issue with the "inadequate job security for employees who have serious health conditions that prevent them from working. . . ." 29 U.S.C. § 2601(a)(4). Congress also sought to protect parents who recently gave birth or adopted a child, finding that "the lack of employment policies to accommodate working parents can force individuals to choose between job security and parenting. . . ." 29 U.S.C. § 2601(a)(3). "[I]t is important for the development of children and the family unit that fathers and mothers be able to participate in early childrearing. . . ." 29 U.S.C. § 2601(a)(2). Lastly, Congress sought to protect employees who need to "care of family members who have serious health conditions." *Id.*

7.     Plaintiff was an employee of Defendant, and he worked at least 1250 hours in the 12 months preceding his request for leave under the FMLA.

2

8.     Thus, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

9.     At all times material hereto, Defendant employed fifty (50) or more employees. 29 U.S.C. § 2611(4)(A)(i).

10.    Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

11.    At all times material hereto, Plaintiff was an "employee" within the meaning of the FWCL, Fla. Stat. § 440.02(15)(a).

12.    At all times material hereto, Defendant was an "employer" within the meaning of the FWCL Fla. Stat. § 440.02(16).

13.    At all times material hereto, Plaintiff was a qualified "person" or "individual" under the FCRA. Fla. Stat. § 760.02(6).

14.    At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA. 42 U.S.C. § 12111(4).

15.    At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA and the FCRA. 42 U.S.C. § 12111(5); § 760.02(7), Fla. Stat.

16.    Plaintiff has satisfied all conditions precedent, or they have been waived.

17.    Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

18.    Plaintiff requests a jury trial for all issues so triable.

## FACTS

3

19.     Plaintiff commenced employment with Defendant as a Rodmill/Washer Operator on April 22, 2018.

20.     Plaintiff was approved for intermittent FMLA leave due to a serious medical condition involving his back.

21.     On October 21, 2022, Plaintiff sustained a workplace injury to his back while performing his normal duties as a Rodmill/Washer Operator.

22.     Plaintiff immediately reported the injury to Defendant and began the workers' compensation process.

23.     Following the injury, Defendant's physician placed Plaintiff on light-duty work restrictions.

24.     Due to the elimination of light-duty positions, Plaintiff remained on workers' compensation medical leave for two years, receiving ongoing medical treatment for the injury sustained on October 21, 2022.

25.     However, Defendant had previously allowed employees to return to light-duty assignments, but by the time of Plaintiff's injury, Defendant had eliminated all light-duty positions without any written policy change.

26.     Around February or March 2024, Plaintiff retained a workers' compensation attorney due to concerns about Defendant's handling of his workers' compensation claim.

27.     On October 11, 2024, Plaintiff's authorized treating physician cleared him to return to work with restrictions, including no lifting over 25 pounds, no bending at the waist, no squatting, and no climbing stairs.

4

28.    On October 14, 2024, Plaintiff notified Defendant's on-site nurse of his medical clearance and restrictions.

29.    Defendant's nurse informed Plaintiff that Defendant "could not accommodate" his restrictions.

30.    Plaintiff reminded the nurse that, under the collective bargaining agreement, he was required to return to work by October 21, 2024, to avoid termination. The nurse replied, "I know, but we can't handle your restrictions."

31.    On October 21, 2024, Plaintiff returned to work, which was the contractual two-year deadline for his return.

32.    When Plaintiff arrived at work on October 21, 2024, Defendant's medical department sent him home without a return-to-work physical examination.

33.    Defendant's medical staff informed Plaintiff that they could not accommodate Plaintiff's restrictions and sent him home.

34.    Plaintiff informed Defendant that he could perform an alternative position that met his medical restrictions. Plaintiff identified a specific position he had previously performed that would accommodate his restrictions.

35.    Plaintiff communicated this information to Defendant's HR department, explaining that he could still perform the duties of the position with his restrictions.

36.    The medical assistant representative agreed with Plaintiff's assessment that the alternative position fit his restrictions.

37.    On October 22, 2024, Plaintiff was informed by Defendant that he would be placed in another position.

38.     However, on October 23, 2024, Defendant contacted Plaintiff and informed him that his employment was being terminated.

39.     Defendant stated that Plaintiff was being terminated due to exceeding the two-year limit on his medical leave.

40.     However, Plaintiff had returned on the exact two-year deadline, October 21, 2024, and did not exceed the allowed period.

41.     Plaintiff received a termination letter backdated to October 21, 2024, the same day he reported for duty and was told to go home.

42.     Defendant never provided an explanation of whether the alternative position Plaintiff identified remained available, or whether he was considered for reassignment to that position.

43.     At all times material hereto, Plaintiff could perform the essential functions of his job with or without reasonable accommodation. Thus, Plaintiff was a "qualified individual with a disability" under the ADA.

44.     Defendant interfered with Plaintiff's rights under the ADA by refusing to engage in the required interactive process and by denying reasonable accommodation for Plaintiff's return to work.

45.     Defendant's actions, including refusing to consider the alternative position Plaintiff identified, constituted retaliation for Plaintiff's exercise of his rights under Florida's workers' compensation law, FMLA, and the ADA.

6

46.     Plaintiff engaged in protected FMLA activities by applying for and utilizing FMLA leave from May 2020 or May 2021 for his back condition, as well as by attempting to return to work after his medical leave, consistent with FMLA requirements.

47.     Defendant retaliated against Plaintiff for his use of FMLA leave and for engaging in protected activities under both the ADA and FWCL by terminating his employment on October 23, 2024.

48.     Defendant's actions, specifically refusing to accommodate Plaintiff's medical restrictions, failing to reinstate Plaintiff, and ultimately terminating his employment, violated Plaintiff's rights under the Family and Medical Leave Act, the Florida Workers' Compensation Law, and the Americans with Disabilities Act.

### COUNT I – FMLA INTERFERENCE

49.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 42 and 45 through 48 of this Complaint, as fully set forth herein.

50.     Plaintiff required time off from work to care for himself because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

51.     By terminating Plaintiff's employment for Plaintiff's FMLA protected absences from work, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

52.     Defendant's actions were willful and done with malice.

53.     Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

7

**WHEREFORE**, Plaintiff demands:

    (a)    That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

    (b)    An injunction restraining continued violation of the FMLA by Defendant;

    (c)    Compensation for lost wages, benefits, and other remuneration;

    (d)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

    (e)    Front pay;

    (f)    Liquidated Damages;

    (g)    Prejudgment interest on all monetary recovery obtained;

    (h)    All costs and attorney's fees incurred in prosecuting these claims; and

    (i)    For such further relief as this Court deems just and equitable.

## <u>COUNT II – FMLA RETALIATION</u>

54.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 42 and 45 through 48 of this Complaint, as fully set forth herein.

55.    Plaintiff required time off from work to care for himself because  he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

56.    Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise his FMLA rights.

57.    Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating his employment.

58.    Defendant's actions were willful and done with malice.

59.    Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)    That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

(b)    An injunction restraining continued violation of the FMLA by Defendant;

(c)    Compensation for lost wages, benefits, and other remuneration;

(d)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

9

(e)    Front pay;

(f)    Liquidated Damages;

(g)    Prejudgment interest on all monetary recovery obtained;

(h)    All costs and attorney's fees incurred in prosecuting these claims; and

(i)    For such further relief as this Court deems just and equitable.

## COUNT III – WORKERS' COMPENSATION RETALIATION

60.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 42, 45, and 47 through 48 of this Complaint, as though fully set forth herein.

61.    Plaintiff engaged in protected activity under the FWCL by filing or attempting to file a valid Workers' Compensation claim for an injury that Choose an item. suffered at work.

62.    Defendant retaliated against Plaintiff for engaging in protected activity under the FWCL by Click or tap here to enter text..

63.    Plaintiff was injured as a result of Defendant's violations of the FWCL, Fla. Stat. § 440.205.

*WHEREFORE*, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue, and that this Court take jurisdiction over the case;

c)    That this Court enter a declaratory judgment stating that Defendant retaliated against Plaintiff, in violation of Fla. Stat. § 440.205;

d)    Compensation for lost wages, benefits, and other remuneration;

e)  Compensatory damages, including damages recoverable for emotional distress allowable at law; and

f)  For such further relief as this Court deems just.

## COUNT IV ADA VIOLATION
## (DISABILITY DISCRIMINATION)

64.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 45 and 47 through 48 of this Complaint, as though fully set forth herein.

65.     Plaintiff is a member of a protected class under the ADA.

66.     Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, and/or perceived disability.

67.     Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted him to perform all of the essential functions of his job with Defendant.

68.     Defendant's actions were willful and done with malice.

69.     Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue and that this Court take jurisdiction over the case;

c)     That this Court enter an injunction restraining continued violation of the ADA;

11

d)     Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e)     Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

f)     Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g)     Any other compensatory damages, including emotional distress, allowable at law;

h)     Punitive damages;

i)     Prejudgment interest on all monetary recovery obtained.

j)     All costs and attorney's fees incurred in prosecuting these claims; and

k)     For such further relief as this Court deems just and equitable.

## COUNT V—ADA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

70.     Plaintiff realleges and readopts the allegations of Paragraphs 1 through 45 and 47 through 48 of this Complaint, as though fully set forth herein.

71.     Plaintiff is disabled, or was perceived by Defendant as being disabled.

72.     Defendant failed to provide Plaintiff with a reasonable accommodation for his disability, and shortly thereafter terminated his employment.

73.     Defendant's actions were willful and done with malice.

12

74.     Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issues and that this Court take jurisdiction over the case;

(c)     An injunction restraining continued violation of law enumerated herein;

(d)     Compensation for lost wages, benefits, and other remuneration;

(e)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f)     Compensatory damages, including emotional distress, allowable at law;

(g)     Punitive damages;

(h)     Prejudgment interest on all monetary recovery obtained;

(i)     All costs and attorney's fees incurred in prosecuting these claims; and

(j)     For such further relief as this Court deems just and equitable.

## COUNT VI – ADA RETALIATION

75.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 45 and 47 through 48 of this Complaint, as though fully set forth herein.

13

76.    As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

77.    Plaintiff engaged in protected activity under the ADA by requesting a reasonable accommodation for his disability.

78.    Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating his employment.

79.    Defendant's actions were willful and done with malice.

80.    The adverse employment action that Defendant took against Plaintiff was material.

81.    Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d)    That this Court enter an injunction restraining continued violation of the ADA;

e)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

14

f)    Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

g)    Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h)    Any other compensatory damages, including emotional distress, allowable at law;

i)    Punitive damages;

j)    Prejudgment interest on all monetary recovery obtained.

k)    All costs and attorney's fees incurred in prosecuting these claims; and

l)    For such further relief as this Court deems just and equitable.

### COUNT VII—FCRA VIOLATION
### (FAILURE TO ACCOMMODATE)

82.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 45 and 47 through 48 this Complaint, as though fully set forth herein.

83.    As a qualified individual whom Defendant knew or regarded as disabled/handicap, Plaintiff is a member of a protected class under the FCRA.

84.    Plaintiff was able to perform the essential functions of his job with or without accommodations.

85.    Defendant failed or refused to engage in an interactive process regarding Plaintiff's accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted him to perform the essential functions of his job with Defendant.

15

86.   Shortly thereafter, Defendant terminated Plaintiff's employment.

87.   Defendant's actions were willful and done with malice.

88.   Plaintiff was injured due to Defendant's violations of the FCRA, for which

Plaintiff is entitled to relief.

**WHEREFORE**, Plaintiff demands:

    a)  A jury trial on all issues so triable;

    b)  That process issues and that this Court take jurisdiction over the case;

    c)  An injunction restraining continued violations of law enumerated herein;

    d)  Compensation for lost wages, benefits, and other remuneration;

    e)  Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    f)  Compensatory damages, including emotional distress, allowable at law;

    g)  Punitive damages;

    h)  Prejudgment interest on all monetary recovery obtained;

    i)  All costs and attorneys' fees incurred in prosecuting these claims; and

    j)  For such further relief as this Court deems just and equitable.

**COUNT VIII—FCRA VIOLATION**
**(DISPARATE TREATMENT)**

89.   Plaintiff realleges and readopts the allegations of paragraphs 1 through 45 and 47 through 48 of this Complaint, as though fully set forth herein.

90.    As a qualified individual whom Defendant knew or regarded as disabled/handicap, Plaintiff is a member of a protected class under the FCRA.

91.    Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability/handicap, and/or perceived disability/handicap.

92.    Defendant's practices and/or policies of failing to accommodate discriminates on the basis of disability/handicap.

93.    Defendant intentionally terminated Plaintiff because of his disability/handicap, and/or perceived disability/handicap, and/or because of the need to provide reasonable accommodation for his disability/handicap.

94.    Defendant failed or refused to engage in an interactive process regarding Plaintiff's accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted him to perform the essential functions of his job with Defendant.

95.    The effect of the practices complained of has been to deprive Plaintiff of equal employment opportunities and adversely affect his status as an employee because of his disability/handicap.

96.    Defendant's actions were willful and done with malice.

97.    Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to relief.

***WHEREFORE***, Plaintiff demands:

    a)  A jury trial on all issues so triable;

    b)  That process issue and that this Court take jurisdiction over the case;

17

c) That this Court enter an injunction restraining continued violations of the FCRA;

d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorneys' fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## COUNT IX—FCRA VIOLATION
### (RETALIATION)

98.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 45 and 47 through 48 of this Complaint, as though fully set forth herein.

99.    As a qualified individual whom Defendant knew or regarded as disabled/handicap, Plaintiff is a member of a protected class under the FCRA.

100.    Plaintiff engaged in protected activity under the FCRA.

101.    Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

18

102. The adverse employment actions that Defendant took against Plaintiff were material.

103. Defendant's actions were willful and done with malice.

104. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the FCRA;

d) That this Court enter an injunction restraining continued violations of the FCRA;

e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorneys' fees incurred in prosecuting these claims; and

19

l) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 4th day of December, 2025.

Respectfully submitted,

*s/ Amanda Heystek*
**AMANDA E. HEYSTEK**
Florida Bar Number: 285020
**KAITLIN R. FRERICH**
Florida Bar Number: 1048742
**Wenzel Fenton Cabassa P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-379-2560
Facsimile No.: 813-229-8712
Email: aheystek@wfclaw.com
Email: kfrerich@wfclaw.com
Email: rcooke@wfclaw.com
*Attorneys for Plaintiff*

Filing # 237015757 E-Filed 12/04/2025 11:39:22 AM

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
IN AND FOR SUWANNEE COUNTY, FLORIDA
CIVIL DIVISION

MIKE C. JONES,

      Plaintiff,

v.                               Case No.:

NUTRIEN AG SOLUTIONS, INC.

      Defendant.

_____/

## NOTICE OF DESIGNATION OF E-MAIL
## ADDRESSES FOR SERVICE OF COURT DOCUMENTS

      Plaintiff, MIKE C. JONES, by and through his undersigned counsel, files this Notice of Designation of E-Mail Addresses for Service of Court Documents, Pursuant to Florida Rule of Judicial Administration 2.516(b)(1)(A), and designates the following e-mail addresses to be used for service of court papers in this action: **aheystek@wfclaw.com**; **kfrerich@wfclaw.com**; **rcooke@wfclaw.com** .

      Dated this 4th day of December 2025.

                       Respectfully submitted,

                       *Amanda Heystek*

                       _____
                       **AMANDA HEYSTEK**
                       Florida Bar Number: 0285020
                       KAITLIN R. FRERICH
                       Florida Bar No.: 1048742
                       **WENZEL FENTON CABASSA, P.A.**
                       1110 North Florida Avenue, Suite 300
                       Tampa, FL  33602
                       Direct No.: 813-379-2560
                       Facsimile:  (813) 229-8712
                       Email: aheystek@wfclaw.com
                       Email: kfrerich@wfclaw.com
                       Email: rcooke@wfclaw.com
                       **Attorney for Plaintiff**